**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4971**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICHARD DARNELL LONG,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:10-cr-00108-WO-3)

─────────────

Submitted:  May 3, 2013                Decided:  May 8, 2013

─────────────

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Darnell Long appeals the 198-month downward variant sentence imposed upon him after the disposition of his initial direct appeal, in which we affirmed his conviction but vacated his sentence and remanded his case to the district court to permit resentencing under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). Long's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he can identify no meritorious issues for appeal, but questions whether Long was properly designated a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010). We affirm.

As counsel recognizes, there is no question that Long was properly designated a career offender, given that his two prior felony assault with a deadly weapon convictions were separated by an intervening arrest. In other words, these two convictions are counted separately even though they were consolidated for sentencing because Long was arrested for the first offense prior to committing the second offense. See USSG § 4A1.2(a)(2), 4B1.2(c)(2); United States v. Dean, 604 F.3d 169, 171 (4th Cir. 2010); United States v. Green, 436 F.3d 449, 459 (4th Cir. 2006).

Long has filed a pro se brief in which he asks us to revisit the drug amounts alleged in his indictment, to strike

2

the 21 U.S.C. § 851 (2006) enhancement that he received, to reduce his sentence yet further under the FSA, and to upend the ten-year term of supervised release that he received. We have reviewed each of Long's assertions and conclude that they are without merit.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Long, in writing, of the right to petition the Supreme Court of the United States for further review. If Long requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Long. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>